IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01663-ZLW-MEH

JACK STEELE,

    Petitioner,

v.

ARISTEDES ZAVARAS, and
COLORADO ATTORNEY GENERAL,

    Defendants.

---

# RECOMMENDATION FOR DISMISSAL

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed by Petitioner Jack Steele [filed August 22, 2008; docket #3]. Pursuant to 28 U.S.C. § 636(b) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. (Docket #11.) The Application is briefed, and oral argument would not assist the Court in its adjudication. For the reasons set forth below, the Court recommends that the Application be **DENIED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

1

**BACKGROUND**

**I.       Procedural History**

The facts of this matter arise from "an incident in which [Petitioner] entered the home of his estranged wife in violation of a restraining order" in November 2001.  (Docket #12 at 1-2.)  After a mistrial which commenced on April 2, 2001, a jury convicted Petitioner on May 11, 2001, of "two counts of attempted second degree murder - heat of passion, second degree assault, attempted first degree assault - heat of passion, first degree burglary, criminal mischief, wiretapping, violation of a restraining order, and related crime of violence counts."  (Docket #3 at 1-3; docket #12-4 at 3.)  On July 23, 2001, the Colorado trial court sentenced Petitioner to concurrent sentences of twenty years for first degree burglary, sixteen years each for second degree assault and the two convictions of attempted second degree murder, four years for attempted first degree assault, three years for wiretapping, two years for criminal mischief, and one year for violation of the restraining order.  (Docket #3 at 4; docket #12 at 2.)  Petitioner presently serves this twenty year concurrent sentence at the Sterling Correctional Facility in Sterling, Colorado.[2]

Petitioner timely appealed the jury's verdict and sentencing to the Colorado Court of Appeals on October 15, 2002.  (*See* docket #12-2.)  Petitioner presented three arguments: 1) the evidence at trial was insufficient to prove Petitioner "unlawfully remained" in the residence; 2) the jury's finding that Petitioner lacked provocation as applied to the second degree assault charge was inconsistent with its finding that the prosecution proved provocation as applied to attempted murder of the same victim; and 3) the multiple convictions violate the doctrine of merger and double jeopardy.  (Docket #12-2 at 4.)  The first issue is pertinent to Petitioner's claims at hand.  In the section of Petitioner's

---

[2]On January 13, 2010, the Court confirmed Petitioner's location and estimated mandatory release date of December 27, 2017, through the Colorado Department of Corrections Inmate Locator at *https://exdoc.state.co.us/inmate_locator/search_form.php*.

appeal brief addressing his first claim, Petitioner asserted that Jury Instruction No. 26 failed to inform the jury "that the 'intent' to commit any of the enumerated offenses had to be formed prior to the entry" of the residence.[3] (*Id*. at 17.) Petitioner contended that "the jury could easily have concluded [he] formed the intent to commit . . . offenses only after he entered . . . ." (*Id*.) Petitioner admitted that there was "no question" that he "entered the home unlawfully," but argued that the jury could not constitutionally conclude he "formed an intent to commit any of the designated offenses" before entering the home. (*Id*. at 18.) Petitioner's argument focused on intent to commit assault or attempted murder. (*See id*.)

On July 24, 2003, the Colorado Court of Appeals rejected Petitioner's assertion that the evidence at trial was insufficient to find he "unlawfully remained" for purposes of the first degree burglary conviction. (Docket #12-4 at 3.) The appellate court evaluated Petitioner's contention that the trial court "erred in not instructing the jury that the intent to commit an offense inside the residence had to be formed prior to his lawful entry." (*Id*.) The appellate court emphasized that because Petitioner did not object to the first degree burglary instruction at trial, it would review the

---

[3]Pursuant to the state records provided by the 4th Judicial District Court in El Paso County, Jury Instruction No. 26 states as follows (*see* docket #19; docket #12-2 at 24):
The elements of the crime of First Degree Burglary are:
1. That the defendant,
2. In the State of Colorado, at or about the date and place charged,
3. knowingly,
4. unlawfully entered and remained in a building or occupied structure of another,
5. with intent to commit therein the crime of Murder, Assault, or Violation of a Restraining Order, and
6. while in effecting entry into, while inside, or in immediate flight from the building or occupied structure,
7. the defendant in the crime assaulted any person, or the defendant in the crime was armed with a deadly weapon.
After considering all the evidence, if you decide the prosecution has proven each of the elements beyond a reasonable doubt, you should find the defendant guilty of first degree burglary.
After considering all the evidence, if you decide the prosecution has failed to prove each of the elements beyond a reasonable doubt, you should find the defendant not guilty of first degree burglary.

3

appeal under a plain error standard, and would "reverse the conviction only if the error so undermined the fundamental fairness of the trial as to case serious doubt on the reliability of the judgment of conviction." (*Id*. at 3-4 (citing Colo. R. Crim. P. 52(b)).) The court reviewed Jury Instruction No. 26 and found no plain error, as the instruction "parallels the pattern instruction." (*Id*. at 5.) Moreover, the court stated that no evidence demonstrated Petitioner "entered lawfully and formed the intent to commit the underlying crimes at a later time," as Petitioner admitted his entry was unlawful. (*Id*.)

The Colorado Court of Appeals further addressed Petitioner's contention that the evidence presented was insufficient to support the jury's conclusion that Petitioner "unlawfully remained" in the residence after he unlawfully entered the residence. (Docket #12-4 at 5.) The court reminded Petitioner that "[i]t was undisputed at trial that a permanent restraining order had been issued and [Petitioner] was aware that he was prohibited from entering his wife's home . . . ." (*Id.*) Thus, the court "fail[ed] to perceive how the jury could have concluded that [Petitioner] did not 'unlawfully remain.'" (*Id*.) The court affirmed the convictions and sentences on all counts other than the conviction and sentence for attempted first degree assault - heat of passion, which is not pertinent to the matter presently before the Court. (*Id*. at 9.)

After the Colorado Supreme Court denied certiorari on December 22, 2003, Petitioner *pro se* filed a Rule 35(b) motion in February 2004, which the trial court denied on May 13, 2004. (Docket #3 at 7; docket #12-6 at 2; docket #12 at 3.) Petitioner *pro se* filed a Rule 35(c) motion in June 2004, which the trial court denied on June 29, 2004. (Docket #3 at 8; docket #12 at 3; docket #19 at 231-33.) On February 16, 2006, the Colorado Court of Appeals affirmed in part and reversed in part with instructions for remand the trial court's order denying Petitioner's Rule 35(c) postconviction motion. (Docket #12-12 at 3.) The trial court had denied the Rule 35(c) motion in full, with the exception of Petitioner's ineffective assistance of counsel claim, because the trial court

incorrectly believed that at that time, Petitioner had to have raised all of the postconviction issues on direct appeal to be reviewed in a postconviction motion. Due to the timing of Petitioner's filing of the Rule 35(c) motion, the appellate court concluded that Petitioner "need not have raised his claims on direct appeal in order to have preserved them for postconviction review." (*Id*. at 5-6.) Thus, the appellate court remanded the motion to the trial court for adjudication.

On May 9, 2006, upon remand, the trial court again denied all ten claims for relief in Petitioner's Rule 35(c) motion. (*See* docket #19 at 288.[4]) Relevant to the matter presently before this Court, Petitioner contended in his Claim Eight that "it was error for the court to not instruct the jury as to what specific intent crime encompasses and the court erred in failing to give lesser included and non-included instructions." (*Id*. at 292.) The trial court attested that Jury Instruction No. 26 was "the stock instruction for first degree burglary." (*Id*.) As the paragraphs listed in Jury Instruction No. 26 included instruction on specific intent, the underlying crimes of "murder, assault, or violation of restraining order" were defined in separate instructions, and the "various mental states" were also defined in the instructions, the trial court found that "the instructions as a whole were appropriate." (*Id*. at 292-93.) Additionally, in reviewing Petitioner's claim that instructions for lesser non-included offenses of trespass should have been offered to the jury, the trial court stated that this argument was being presented for the "very first time," as "no lesser non-included instructions were tendered" to the trial court at trial. (*Id.* at 293.) In any event, in light of Petitioner's admission that his entry was unlawful, the trial court emphasized that such theory "could not have acquitted [Petitioner] of burglary and convicted him of trespass." (*Id*.)

On November 1, 2007, the Colorado Court of Appeals affirmed the trial court's order on remand denying Petitioner's Rule 35(c) postconviction motion. (Docket #12-8 at 3.) The appellate

---

[4]The Court cites to the handwritten page numbers of the documents included in the officially tendered record provided by the 4th Judicial District Court in El Paso County, Colorado.

court rejected Petitioner's argument that the trial court improperly instructed the jury, as "errors in jury instructions do not constitute fundamental error that provides a basis for postconviction relief." (*Id*. at 10.) Moreover, the court declined to reevaluate Petitioner's challenge to the jury instructions for first degree burglary, because such challenge was raised and resolved in the prior direct appeal, and "postconviction relief is not appropriate for successive claims." (*Id*. at 11.) The Colorado Supreme Court denied certiorari review of the appellate court's decision on Petitioner's postconviction motion on May 12, 2008. (Docket #12-9.)

## II.     Section 2254 Application

Petitioner filed this Section 2254 Application on August 6, 2008. (Docket #3.) In response to a Court order, the government filed Pre-Answer response on September 15, 2008, stating it concedes (but did not wish to waive) the applicable statute of limitations and exhaustion defenses. (Docket #7 at 9.) The matter was referred to this Court on October 29, 2008. (Docket #11.) The government filed a response on the merits on November 24, 2008. (Docket #12.) Petitioner filed a reply on January 15, 2010, pursuant to a Court order issued December 17, 2009. (Dockets ##20, 23.)

Petitioner brings one claim in his Section 2254 Application, which the Court construes in two parts. (Docket #3 at 11.) First, Petitioner challenges the evidence at trial as "insufficient to establish that [Petitioner] 'unlawfully remained' in the residence that was the subject of the burglary charge." Second, Petitioner challenges the first degree burglary jury instruction tendered by the trial court, believing that the trial court should have included instruction on lesser offenses of second and third degree burglary and first degree criminal trespass. (*See id.* at 16; docket #23 at 1-2.) More specifically, Petitioner argues that Jury Instruction No. 26 failed to inform the jury that "the 'intent' to commit any of the crimes charged had to be formed **prior** to the entry of the residence." (*Id*. at 12 (emphasis in original).) Petitioner admits that he "entered the home unlawfully," but questions

6

the findings evaluating whether he formed intent to commit the subsequent criminal acts "before or after he entered." (*Id*. at 13.) Petitioner believes that in light of the jury's determination that Petitioner lacked provocation in relation to the murder charges, the jury concluded Petitioner's "intent to commit assault or any other crime, [sic] was formed only **after** he had entered." (*Id*. (emphasis in original).) Petitioner contends the "failure of the trial court to properly instruct the jury" violated Petitioner's constitutional rights to due process, equal protection, and "Fair Trial by an Impartial Jury." (*Id*. at 16.) Petitioner requests the Court to vacate the first degree burglary conviction and sentence or, in the alternative, set the matter for a retrial in El Paso County Court. (*Id*. at 20.)

The government does not challenge the statute of limitations nor the exhaustion of state remedies of the first part of Petitioner's claim. However, the government argues that the second part of Petitioner's claim is procedurally defaulted, in that Petitioner raises "instructional error that was not addressed in his direct appeal." (Docket #12 at 9.) On the merits, the government contends that in light of the applicable burglary statute, the Colorado courts correctly determined that "the jury was properly instructed and returned a verdict that [Petitioner] was required to have a specific intent to commit specified crimes." (*Id*. at 10.) The government restates the state courts' conclusions that the effective restraining order satisfied the "unlawfully remained" element of the burglary charge. (*Id*.) In sum, the government asserts that the Colorado Court of Appeals' adjudication of Petitioner's claims was not contrary to, or an unreasonable application of, clearly established federal law, nor was it "based on an unreasonable determination of the facts in light of the evidence presented." (*Id*. at 12.) For the following reasons, the Court agrees with the government and recommends Petitioner's Section 2254 Application be denied.

**DISCUSSION**

Applicant proceeds in this action *pro se*. As a *pro se* litigant, Applicant's filings are entitled to liberal construction by this Court. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

**I.     Standard of Review**

In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254, it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.' The court does not review a judgment, but the lawfulness of the petitioner's custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (citations omitted). Here, the Applicant is presently in the custody of the Colorado Department of Corrections serving a twenty-year concurrent sentence; therefore, he is "in custody" for purposes of his habeas application.

Before filing a federal habeas application, a state prisoner must first exhaust his state remedies by "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Accordingly, based on denial of certiorari review by the Colorado Supreme Court in the postconviction attempt made by Petitioner, habeas review in this Court is concerned with the proceedings in the Colorado Court of Appeals which was the final substantive proceeding in the state appellate review process.

This case is also governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA applies to all federal habeas applications filed after the AEDPA's

effective date of April 24, 1996, regardless of when the state proceedings occurred. *Trice v. Ward*, 196 F.3d 1151, 1158 (10th Cir. 1999). Under the AEDPA, Petitioner is entitled to federal habeas relief only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008).

>As the Supreme Court stated:
>
>A state-court decision is contrary to . . . clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 141 (2005) (internal citations omitted); *see also Taylor v. Workman*, 554 F.3d 879, 887 (10th Cir. 2009). The first inquiry is whether the clearly established federal law exists on the issue; only once this is established must the Court determine whether the state court's application of such law is objectively unreasonable. *House*, 527 F.3d at 1018 (citing *Carey v. Musladin*, 549 U.S. 70 (2006)) ("The absence of clearly established federal law is dispositive under § 2254(d)(1)"). "The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

The state court need not cite to Supreme Court cases in reaching its decision, provided that "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Accordingly, when a state court adjudicates a federal issue relying solely on a state standard that is at least as favorable to the Petitioner as the federal standard, this Court may

presume an adjudication on the merits and apply AEDPA deference. *Harris v. Poppell*, 411 F.3d 1189, 1196 (10th Cir. 2005).

Even if the state court adjudication was contrary to or involved an unreasonable application of clearly established federal law, unless the error is a "structural defect[ ] in the constitution of the trial mechanism, which def[ies] analysis by harmless-error standards," *Brecht v. Abrahamson*, 507 U.S. 619, 629 (1993), the harmless error standard of *Brecht* must be applied. *Herrera v. Lemaster*, 301 F.3d 1192, 1200 (10th Cir. 2002). Under *Brecht,* habeas relief is not proper unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623. This requires more than just an incorrect application of federal law, requiring instead a showing "somewhere between clearly erroneous and unreasonable to all reasonable jurists." *Maynard v. Boone*, 468 F.3d 665, 670 (10th Cir. 2006). Thus, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.* at 671.

Factual findings made by the state trial and appellate courts are presumed correct, with the petitioner bearing the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003). The burden remains, because "whether a state court's decision was unreasonable must be assessed in light of the record [that court] had before it." *Holland v. Jackson*, 542 U.S. 649, 651-52 (2004) (*per curiam*) (citations omitted).

According to the Tenth Circuit, this Court "owe[s] deference to the state court's *result,* even if its reasoning is not expressly stated." *Aycox v. Lytle,* 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [its] independent review of the record and pertinent federal law persuades [it] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be

distinguished from a full de novo review of the petitioner's claims." *Id.*

Finally, if the state court does not address a claim on the merits, this Court must review the claim de novo and the deferential standards in 28 U.S.C. § 2254(d) are not applicable. *See Gipson v. Jordan,* 376 F.3d 1193, 1196 (10th Cir. 2004).

## II.     Timeliness of the Application and Exhaustion

As acknowledged by the government, and reviewed by the Court, Applicant filed his application within the one-year time limit prescribed by AEDPA. 28 U.S.C. § 2244(d).

Exhaustion of available and adequate state court remedies is a prerequisite to a habeas corpus application in federal court. *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)); 28 U.S.C. § 2254(b).

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim to each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (some citations omitted).

"Fair presentation of a prisoner's claim to the state courts means that the substance of the claim must be raised there." *Patton v. Mullin*, 425 F.3d 788, 809 n.7 (10th Cir. 2005); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (the state court must be given the first opportunity to resolve constitutional matters arising from its proceedings). Petitioner must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

The government states that, upon its review, "it appears that [Petitioner] has exhausted his state remedies." (Docket #12 at 7.) However, the government qualifies this statement further within

its pleadings. The government believes that the first part of Petitioner's claim regarding sufficiency of evidence as to "unlawfully remained" is indeed exhausted, but the second part challenging Jury Instruction No. 26 is not, as it "was not addressed in his direct appeal." (*Id*. at 9.) In support of this contention, the government cites to *Wainwright v. Sykes*, 433 U.S. 72 (1977), for the proposition that a "claim is procedurally defaulted where a state court has declined to address the claim because it was not presented in the manner prescribed by state procedural rules." (*Id*.) The government argues that the Colorado Court of Appeals declined to address Petitioner's challenge to the jury instruction because such claim "was not properly cognizable in postconviction proceedings" as it was raised on direct appeal and thus successive. (*Id*.)

After reviewing the record, the Court disagrees with the government on this point. The Court construes the government's contention as stating Petitioner presents a mixed petition, with one exhausted claim ("unlawfully remained") and one unexhausted claim (Jury Instruction No. 26). However, the Court recognizes that although the title of the claim raised and reviewed in Petitioner's direct appeal does not expressly state a challenge to the jury instruction, Petitioner's argument relies on a challenge to Jury Instruction No. 26 and its "intent" requirement. (*See* docket #12-2 at 16-19.) The Colorado Court of Appeals substantively reviewed this challenge, and as previously stated, rejected Petitioner's contention that the trial court "erred in not instructing the jury that the intent to commit an offense inside the residence had to be formed prior to his lawful entry." (Docket #12-4 at 3.)

Even though the Colorado Court of Appeals declined to again review this claim when adjudicating Petitioner's Rule 35(c) appeal, the Court finds that the substance of Petitioner's claim was fairly presented to the state court for review, and was indeed reviewed, upon his direct appeal. Thus, the claim is exhausted for purposes of federal habeas review. *See O'Sullivan*, 526 U.S. at 845, 847 (the state court must be given "one full opportunity" to resolve constitutional matters arising

from its proceedings); *Anderson*, 459 U.S. at 6 (Petitioner must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim"); *Patton*, 425 F.3d at 809 n.7 ("Fair presentation of a prisoner's claim to the state courts means that the substance of the claim must be raised there."). The Court proceeds to evaluate the merits of both parts of Petitioner's Claim One and concludes both lack merit and should be dismissed.

## MERITS

### I.   Part One: Insufficient Evidence regarding "Unlawfully Remained"

Petitioner challenges the evidence at trial as "insufficient to establish that [Petitioner] 'unlawfully remained' in the residence that was the subject of the burglary charge." On direct appeal, the Colorado Court of Appeals rejected this argument, finding that no evidence demonstrated Petitioner "entered lawfully and formed the intent to commit the underlying crimes at a later time," as Petitioner admitted his entry was unlawful. (Docket 12-4 at 3.) Moreover, the appellate court reminded Petitioner that "[i]t was undisputed at trial that a permanent restraining order had been issued and [Petitioner] was aware that he was prohibited from entering his wife's home . . . ." (*Id.* at 5.) Thus, the court "fail[ed] to perceive how the jury could have concluded that [Petitioner] did not 'unlawfully remain.'" (*Id.*) The government echoes this determination and states "undisputed evidence was elicited that [Petitioner] was subject to a restraining order, and that this satisfied the element 'unlawfully remained.'" (Docket #12 at 10.)

The Fourteenth Amendment requires sufficient evidence be presented to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense at issue. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). In *Jackson,* the Supreme Court held that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319. This standard reflects the "longstanding principle that it is the jury's

province to weigh the evidence and to draw reasonable inferences from testimony presented at trial." *Turrentine v. Mullin*, 390 F.3d 1181, 1197 (10th Cir. 2004).  Sufficiency of the evidence is a mixed question of law and fact.  *Maynard,* 468 F.3d at 673.  As stated, factual findings made by the state trial and appellate courts are presumed correct, with the petitioner bearing the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

At the time Petitioner was convicted, the Colorado first degree burglary statute provided in pertinent part that "[a] person commits first degree burglary if the person knowingly enters unlawfully, or remains unlawfully after a lawful or unlawful entry, in a building or occupied structure with intent to commit therein a crime, other than trespass . . . ."  Colo. Rev. Stat. § 18-4-202 (West 2009).  Colo. Rev. Stat. § 18-4-201(3) articulates that "[a] person 'enters unlawfully' or 'remains unlawfully' in or upon premises when the person is not licensed, invited, or otherwise privileged to do so."  In *People v. Smith*, 943 P.2d 31, 33 (Colo. App. 1996), the Colorado Court of Appeals concluded that a defendant is not "licensed or privileged to enter [a] residence because of [a] restraining order."  *See also People v. Allen*, 944 P.2d 541, 546 (Colo. App. 1996) (determining that even if a defendant has a property interest in a home, a restraining order nullifies any license of privilege to enter the premises).  Accepting the factual findings of an applicable restraining order and Petitioner's admitted unlawful entry in light of the relevant Colorado statutes and case precedent, the Court agrees with the Colorado Court of Appeals conclusion in reviewing this matter.  After evaluating this evidence in the light most favorable to the prosecution as it must, the Court determines any rational trier of fact could find that the existence of the restraining order and the admission of Petitioner satisfy the essential element of "unlawfully remained" beyond a reasonable doubt.  Thus, the Court finds that the Colorado Court of Appeal's result in adjudicating Petitioner's direct appeal was not contrary to or an unreasonable application of clearly established federal law.  The first part of Petitioner's Claim One should be dismissed.

**II.      Part Two: Jury Instruction No. 26**

Petitioner challenges the first degree burglary jury instruction tendered by the trial court and believes that the trial court should have included instruction on lesser offenses of second and third degree burglary and first degree criminal trespass. (Docket #3 at 16; docket #23 at 1-2.) More specifically, Petitioner argues that Jury Instruction No. 26 failed to inform the jury that "the 'intent' to commit any of the crimes charged had to be formed **prior** to the entry of the residence." (Docket #3 at 12 (emphasis in original).)  Petitioner admits that he "entered the home unlawfully," but questions the findings evaluating whether he formed intent to commit the subsequent criminal acts "before or after he entered." (*Id*. at 13.)  Petitioner believes that in light of the jury's finding that Petitioner lacked provocation in relation to the murder charges, the jury concluded Petitioner's "intent to commit assault or any other crime, [sic] was formed only **after** he had entered." (*Id*. (emphasis in original).)  Petitioner contends the "failure of the trial court to properly instruct the jury" violated Petitioner's constitutional rights to due process, equal protection, and "Fair Trial by an Impartial Jury." (*Id*. at 16.)

"As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" *Nguyen v. Reynolds,* 131 F.3d 1340, 1357 (10th Cir. 1997) (citations omitted).  The Tenth Circuit recognizes "the great burden presented when a defendant seeks to collaterally attack a state court judgment based on an erroneous jury instruction." *Hunter v. State of N.M.*, 916 F.2d 595, 598 (10th Cir. 1990).  Petitioner must demonstrate that the erroneous instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).

"In a criminal trial, the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement." *Middleton v. McNeil,* 541 U.S.

433, 437 (2004) (citation omitted). However, "not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." *Middleton,* 541 U.S. at 437. A "single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Id.* Additionally in this matter, trial counsel failed to object to the instruction, thus the Court is restricted to a review for plain error. *Hunter*, 916 F.2d at 598.

As previously stated, Jury Instruction No. 26 provides as follows (*see* docket #19; docket #12-2 at 24):

> The elements of the crime of First Degree Burglary are:
> 1. That the defendant,
> 2. In the State of Colorado, at or about the date and place charged,
> 3. knowingly,
> 4. unlawfully entered and remained in a building or occupied structure of another,
> 5. with intent to commit therein the crime of Murder, Assault, or Violation of a Restraining Order, and
> 6. while in effecting entry into, while inside, or in immediate flight from the building or occupied structure,
> 7. the defendant in the crime assaulted any person, or the defendant in the crime was armed with a deadly weapon.
>
> After considering all the evidence, if you decide the prosecution has proven each of the elements beyond a reasonable doubt, you should find the defendant guilty of first degree burglary.
>
> After considering all the evidence, if you decide the prosecution has failed to prove each of the elements beyond a reasonable doubt, you should find the defendant not guilty of first degree burglary.

At the time Petitioner was convicted, the Colorado first degree burglary statute provided in pertinent part that "[a] person commits first degree burglary if the person knowingly enters unlawfully, or remains unlawfully after a lawful or unlawful entry, in a building or occupied structure with intent to commit therein a crime, other than trespass . . . ." Colo. Rev. Stat. § 18-4-202 (West 2009). The Colorado Court of Appeals appropriately evaluated Petitioner's contention that the trial court "erred in not instructing the jury that the intent to commit an offense inside the residence had to be formed prior to his lawful entry" under a plain error standard. (Docket #12-4

16

at 3-4.) The appellate court reviewed Jury Instruction No. 26 and found no plain error, as the instruction "parallels the pattern instruction." (*Id*. at 5.) Moreover, the court stated that no evidence demonstrated Petitioner "entered lawfully and formed the intent to commit the underlying crimes at a later time," as Petitioner admitted his entry was unlawful. (*Id*.)

According to the Tenth Circuit, this Court "owe[s] deference to the state court's *result,* even if its reasoning is not expressly stated." *Aycox v. Lytle,* 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [its] independent review of the record and pertinent federal law persuades [it] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. Under the standard for evaluating a jury instruction on habeas review, a jury instruction violates due process if it fails to give effect to the requirement that the State must prove every element of the offense. Upon review of the precise consistency between the governing first degree burglary statute and the content of Jury Instruction No. 26, the Court perceives no plain error, particularly because the instruction included violation of a restraining order as an enumerated crime. The Court determines that Petitioner fails to demonstrate that Jury Instruction No. 26 was fundamentally unfair so as to deny him due process in violation of his constitutional rights. Thus, the Court finds that the Colorado Court of Appeal's result in adjudicating Petitioner's direct appeal was not contrary to or an unreasonable application of clearly established federal law. The second part of Petitioner's Claim One should be dismissed.

## **CONCLUSION**

Accordingly, and based on the foregoing, the Court RECOMMENDS that Petitioner Jack Steele's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [filed August 22,

2008; docket #3] be **DENIED**, and the case be dismissed with prejudice.[5]

Dated at Denver, Colorado, this 25th day of January, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[5]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).