IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 08-cv-01663-ZLW-MEH

JACK STEELE,

    Applicant,

v.

ARISTEDES ZAVARES, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

The matter before the Court is Applicant Jack Steele's [Amended] Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (Application) (Doc. No. 3). Applicant is serving a 20-year concurrent sentence after conviction in state court on charges of first degree burglary, second degree assault, attempted second degree murder, attempted first degree assault, wiretapping, criminal mischief, and violation of a restraining order, all of which arose from "an incident in which he entered the home of his estranged wife in violation of a restraining order."[1] On August 22, 2008, Applicant filed the present Application, setting forth one claim concerning the first-degree burglary conviction.

---

[1] Answer (Doc. No. 12) at 1.

Pursuant to D.C.COLO.LCivR 72.1, this matter was referred to Magistrate Judge Michael E. Hegarty, who on June 4, 2007January 25, 2010, issued a Recommendation For Dismissal (Recommendation) (Doc. No. 24) in which he recommended that the Application be denied and that this action be dismissed with prejudice.  Applicant thereafter filed "Objections To Reconsideration For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254" (Doc. No. 25).  The Court reviews *de novo* those portions of the Recommendation to which Applicant has specifically objected.[2]  Under the *de novo* standard, this Court makes "an independent determination of the issues" and does not "give any special weight to the [prior] determination."[3]  Because Applicant is proceeding *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[4]

The factual background of this case and the proceedings in the state courts were recited in detail in the Magistrate Judge's Recommendation and will not be repeated herein.

**A.    Legal Standard**

Where a constitutional claim was adjudicated on the merits in state court, an application for a writ of habeas corpus by a person in state custody properly is granted

---

[2] See 28 U.S.C. § 636 (b)(1); see also United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) (court's *de novo* review is limited to "any portion of the magistrate judge's disposition to which specific written objection has been made. . . .").

[3] Ocelot Oil Corp. v. Sparrow Industries, Inc., 847 F.2d 1458, 1464 (10th Cir. 1988).

[4] Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).

only where the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established federal law," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5] Factual determinations made by the state courts are presumed to be correct.[6]

**B.     Analysis**

The Court agrees with the Magistrate Judge's construction of Applicant's sole claim in this case as consisting of two parts: (1) a contention that the evidence at trial was insufficient to establish that Applicant "unlawfully remained" in his estranged wife's residence for purposes of the burglary charge, and (2) a contention that Jury Instruction No. 26, the instruction on first degree burglary, should have included instruction on lesser included offenses of second and third degree burglary and first degree criminal trespass, or, more specifically, that Jury Instruction No. 26 failed to inform the jury that the "'intent' required to commit any of the crimes charged had to be formed prior to the entry of the residence."[7] Applicant asserts violations of his "federal constitutional rights to due process, Equal Protection of the Law, and his rights to a Fair Trial by an Impartial

---

[5] 28 U.S.C. § 2254(d)(1), (2).

[6] 28 U.S.C. § 2254(e)(1).

[7] [Amended] Application For a Writ Of Habeas Corpus (Doc. No. 3) at 16.

Jury."[8] The Magistrate Judge recommended that the Application be denied and that this action be dismissed with prejudice.

Applicant's objection to the Magistrate Judge's Recommendation is comprised of two arguments: (1) that the state trial court erred in not providing an instruction that explains the terms "specific intent" or "specific intent crimes" in connection with the First Degree Burglary instruction, or, more specifically, that an essential element of Burglary is that at the time and place of entering the structure, the accused must have an intent to commit a crime therein,[9] and (2) because Jury Instruction No. 26 included as a required element of the crime of Burglary that the defendant entered and remained in a building "with intent to commit therein the crime of murder, Assault, or Violation of a Restraining Order," and Jury Instruction No. 29 separately instructed on the crime of Violation of Restraining Order, Jury Instruction No. 29 was "merged" with Jury Instruction No. 26, resulting in double jeopardy and a violation of due process.

As to Applicant's first argument, the Colorado first degree burglary statute in effect at the time of Applicant's trial stated in pertinent part that "[a] person commits first degree burglary if the person knowingly enters unlawfully, or remains unlawfully after a lawful or unlawful entry, in a building or occupied structure with intent therein to commit a crime, other than trespass . . . ."[10] A person "enters unlawfully" a residence where he

---

[8]Id.

[9]This argument is essentially a reiteration of the second part of Applicant's claim in this case.

[10]Colo. Rev. Stat. § 18-4-202 (West 2009).

4

is prohibited from entering by a restraining order.[11] Jury Instruction No. 26 stated in pertinent part as follows:

> The elements of the crime of First Degree Burglary are:
> 1. That the defendant,
> 2. In the State of Colorado, at or about the date and place charged,
> 3. knowingly,
> 4. unlawfully entered and remained in a building or occupied structure of another,
> 5. with intent to commit therein the crime of Murder, Assault, or Violation of a Restraining Order, and
> 6. while in effecting entry into, while inside, or in immediate flight from the building or occupied structure,
> 7. the defendant in the crime assaulted any person, or the defendant in the crime was armed with a deadly weapon.[12]

The Colorado Court of Appeals noted that "[i]t was undisputed at trial that a permanent restraining order had been issued and that defendant was aware that he was prohibited from entering his wife's home and from coming within 100 yards of her."[13] Indeed, Applicant admitted that he entered the residence unlawfully.[14] The Colorado Court of Appeals determined that there was no evidence that Applicant "entered lawfully and formed the intent to commit the underlying crimes at a later time."[15] Further, the Court of Appeals noted that Jury Instruction No. 26 "parallels the

---

[11]See Colo. Rev. Stat. § 18-4-201(3); People v. Smith, 943 P.2d 31, 33 (Colo. App. 1996).

[12]See Doc. No. 19, Answer Ex. B. (Doc. No. 12-2) at 14 of 24.

[13]Answer Ex. C (Doc. No. 12-3) at 5-6 of 9.

[14]See Answer Ex. B. (Doc. No. 12-2) at 18 of 24.

[15]Answer Ex. C (Doc. No. 12-3) at 5 of 9.

pattern instruction."[16] The Court of Appeals concluded that Jury Instruction No. 26 was not plainly erroneous.[17]

This Court owes deference to the state court's conclusion that Jury Instruction No. 26 was not plainly erroneous,[18] and must uphold that conclusion unless this Court's "independent review of the record and pertinent federal law persuades [it] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented."[19] The Court agrees with the Magistrate Judge that the Colorado Court of Appeals' conclusion was not contrary to or an unreasonable application of clearly established federal law, particularly because Jury Instruction No. 26 specifically instructed that the "intent" required at the time of unlawfully entering and remaining in the structure could include "the intent to commit . . . Violation of a Restraining Order." Accordingly, Applicant's first argument fails.

The second argument presented in Applicant's objection, that Jury Instruction No. 29 was "merged" with Jury Instruction No. 26, resulting in double jeopardy and a violation of due process, was not pleaded as a claim, or argued within any claim, in Applicant's present Application, and thus was not considered by the Magistrate Judge.

---

[16] Id. at 4-5 of 9.

[17] Id. at 4 of 9.

[18] See Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999).

[19] Id. at 1178.

While Applicant did raise the argument in the state court proceedings,[20] he did not present it to this Court in his federal habeas corpus Application, and therefore it is not properly before this Court for consideration.[21]

For the foregoing reasons, the Court approves and adopts the Magistrate Judge's Recommendation, and it is

ORDERED that Applicant's "Objections To Reconsideration For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254" (Doc. No. 25) are overruled. It is

FURTHER ORDERED that the [Amended] Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (Doc. No. 3) is denied, and this action is dismissed with prejudice. It is

FURTHER ORDERED that a certificate of appealability shall not issue because Applicant has not made a substantial showing of the denial of a constitutional right.[22]

DATED at Denver, Colorado, this 19th day of May, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

---

[20] See Answer, Ex. A (Doc. No. 12-1) at 24-25.

[21] See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the Magistrate Judge's report are deemed waived.").

[22] 28 U.S.C. § 2253(c)(2); Fed. R. Governing Section 2254 cases 11(a).